IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WALTER HALL                                                                                   PLAINTIFF

V.                                                         CIVIL ACTION NO. 4:20-cv-009-NBB-JMV

CABLE ONE, INC.                                                                              DEFENDANT

## **MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Walter Hall, filed this action against his former employer, defendant Cable One, Inc., in the Circuit Court for the Second Judicial District of Bolivar County, Mississippi, on September 10, 2019, and the case was removed by the defendant to this court on January 15, 2020. Hall is an African American male who was sixty years old at the time of his termination. The plaintiff's complaint alleges claims for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADEA"), the Age Discrimination in Employment Act, 20 U.S.C. § 621, *et seq.* ("ADA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

Cable One provides customers with high-speed internet, cable television, and telephone service. Hall was a long-time employee of Cable One, having been hired on October 17, 1988. Between September 22, 2008, and the date of his termination, April 4, 2018, Hall was employed as a System Technician, which required him to perform commercial and residential installations, complete repairs, terminate service, and relocate existing equipment. The job is a physical one

that frequently required Hall to lift over 100 pounds, lift and climb ladders, sit, stoop, kneel, crouch, and crawl. For approximately four years prior to Hall's termination, Hall's supervisor was Clay McKee, a Field Technician Supervisor, and Hall's Lead Technician was Jerry Ochsner. The Lead Technician oversees employees working in the field, helps with troubleshooting problems, and assists System Technicians when needed but has no power to hire or fire, rate performances, or discipline employees. Cable One also has an Advance Technician position which requires the same physical requirements as the System Technician position.

     Hall asserts that during his employment with Cable One he applied for three Advance Technician positions and one Lead Technician position. Hall initially applied for an Advance Technician position which was ultimately filled by Clay McKee in May 2011. McKee was promoted to Technical Field Supervisor in July 2012, and Hall again applied for the Advance Technician position left vacant by McKee's promotion. The position was filled by Gerald McCreary. Hall applied for the Lead Technician position in 2014, but it was filled by Sam Storey. Gerald McCreary retired from the Advance Technician position in November 2015, and Hall once again applied for the position, but it was filled by Brad Wardlow. These are the only four positions that Hall applied for and did not receive during his thirty-year employment with Cable One. While these four positions were filled by white males, Hall testified that two African American males, Jamal Haywood and Chris Lewis, received promotions to Advance Technician during Hall's employment with Cable One.

     In September 2016, Hall injured his wrist, and Cable One provided him with long-term disability leave until July 5, 2017, during which time Hall did not work. On July 5, 2017, Cable One was able to provide Hall with a light duty assignment that enabled Cable One to accommodate Hall's work restrictions, which were considered temporary at that time. The

restrictions included a 40-pound lifting limit. Cable One asserts it was able to accommodate Hall during this period because it was working on a large municipal bridge installation. Hall worked on this project doing "locates," that is, searching for other potential utilities within the field and marking the terrain accordingly. Hall was completing approximately twenty to thirty locates a day and was not responsible for residential or commercial installations during this time. Cable One provided this accommodation while waiting for Hall to be released to return to work without physical restrictions. Cable One provided Hall with approximately eight months of this light duty work. During Hall's disability leave and light duty work period, Cable One paid for a contractor to assist with installations, and its other System Technicians were required to work additional "on-call" hours.

In March 2018, Hall's physician determined that Hall had reached maximum medical improvement, and Hall's work restrictions, which included the 40-pound lifting limit, not using a drill, not carrying a ladder, and not crawling, became permanent. Hall acknowledged in his deposition that these restrictions prevented him from performing the System Technician job. Around the time Hall's physician determined that Hall had reached maximum medical improvement with permanent work restrictions, Cable One's municipal bridge installation was coming to a close, and Hall could not continue working on the project on a full-time basis. Cable One asserts it had no permanent light duty positions available, and it is uncontested that such a position was the only accommodation that would have allowed Hall to continue working in his position.

Cable One asserts that because Hall could no longer perform the essential functions of his position and because no accommodations were available that would allow him to perform his work, General Manager Deron Lindsay, in consultation with Human Resource Compliance Lead

3

Jill Essig, made the decision to terminate Hall in April 2018. Cable One hired Michael Coleman, an African American male, to replace Hall.

Hall filed a charge with the Equal Employment Opportunity Commission on April 20, 2018, alleging that he was terminated because of his age and disability. He amended the charge six days later to add that he was also terminated because of his race. The charge does not include Hall's allegations regarding failure to promote and failure to make reasonable accommodations for his disability. The EEOC issued a right to sue letter on June 12, 2019. Hall filed this lawsuit on September 10, 2019, in the Circuit Court for the Second Judicial District of Bolivar County, Mississippi, and the defendant timely removed the case to this court. Hall's complaint alleges violations of the ADA, the ADEA, and Title VII, but as the defendant notes, Hall appears to have abandoned his race-based claims under Title VII. The defendant has now moved for summary judgment on all claims.

## Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

4

When deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). As such, all reasonable inferences must be drawn in favor of the non-movant. *Id.* Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita*, 475 U.S. at 587 (1986). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

Analysis

Hall fails to respond to any of Cable One's arguments regarding Hall's race-based termination claim and his failure to promote claims. In fact, Hall's response is completely devoid of any mention of these claims, ostensibly because Hall was replaced by an African-American male and therefore cannot establish a prima facie case or race discrimination under *McDonnell Douglas Corp. v. Green*[1] and because his failure to promote claims are well outside the statute of limitations.[2] Regardless of Hall's reasons for abandoning the claims, "an issue raised in the complaint but ignored at summary judgment may be deemed waived." *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002).

Hall's claim for termination in violation of the ADEA also fails. To establish such a claim under the ADEA, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009); *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). Hall admitted that his age was not the "but-

---

[1] 411 U.S. 792, 802 (1973).
[2] Hall's most recent failure to promote claim accrued in 2015, more than two years prior to Hall's April 2018 filing of his EEOC charge. A plaintiff bringing claims under Title VII must file a charge of discrimination with the EEOC no later than 180 days after the alleged discriminatory employment action occurred. 42 U.S.C. § 2000e-5(e)(1).

for" cause of his termination but rather that his alleged disability was the "but-for" reason. Hall testified in his deposition:

> Q: Mr. Hall, do you believe that you would have been terminated if you weren't – if you didn't have a disability?
>
> A: No.

[Docket 26, Ex. A]. Though this admission is dispositive of Hall's ADEA claim, the court will also address Hall's attempt to show that the reason for his termination was pretextual.

In support of his ADEA claim, Hall alleges that shortly prior to his termination, Jerry Ochsner commented on Hall's gray hair and how old he was looking. To create a material issue of fact for showing pretext on the part of the employer, a plaintiff must show that such a comment illustrated "(1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 442 (5th Cir. 2012). Here, the record reflects it is uncontested that Ochsner played no role in Hall's termination and had no influence over the decision to terminate. Ochsner's alleged comment is therefore insufficient to create a fact issue. The court finds that Hall's ADEA claim must be dismissed.

Though his EEOC charge asserts that Hall was discharged due to his disability in violation of the ADA, Hall's complaint does not allege an ADA disparate treatment wrongful termination claim, only a failure to accommodate claim. Hall's EEOC charge, however, does not assert a failure to accommodate claim. Further, Hall makes no allegations in his responsive briefing that he was terminated because of his disability in violation of the ADA. The only remaining claim, therefore, is Hall's failure to accommodate claim. The court finds that this claim fails for a number of reasons.

First, Hall's failure to accommodate claim is beyond the scope of his EEOC charge. The Fifth Circuit has recognized that a disparate treatment claim under the ADA is distinct from a failure to accommodate claim under the Act. *See Hamar v. Ashland, Inc.*, 211 F. App'x 309, 310 (5th Cir. 2006) ("The two relevant claims, failure to accommodate and disparate treatment, represent distinct categories of disability discrimination under the ADA."). A plaintiff attempting to exhaust a failure to accommodate claim must allege specific facts enabling the EEOC to determine that he requested an accommodation and the employer denied it. *See Robles v. Tex. Tech. Univ. Health Sciences Ctr.*, 131 F. Supp. 3d 616, 635 (W.D. Tex. 2015) (barring a failure to accommodate claim because "[t]here was no information in the EEOC Complaint indicating Plaintiff was asserting a failure to accommodate claim."). Hall's EEOC charge is devoid of any mention of failure to accommodate, and the claim must be dismissed.

Second, even if Hall's claim was not beyond the scope of his EEOC charge, Hall's claim fails because it is uncontested that Cable One had no reasonable accommodation available for him. An employer "is not required to create light duty jobs to accommodate disabled employees." *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1094 (5th Cir. 1996).

Third, Hall's failure to accommodate claim cannot survive summary judgment because Hall admitted he never requested an accommodation. Hall testified in his deposition:

> Q: What knowledge do you believe Deron Lindsay possesses regarding your request for accommodation?
>
> A: Actually, I did not request no accommodation.

[Docket 26, Ex. A]. "If the employee fails to request an accommodation, the employer cannot be held liable for failing to provide one." *Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 165 (5th Cir. 1996). Accordingly, Hall's failure to accommodate claim fails for this reason as well.

<u>Conclusion</u>

For the foregoing reasons, the court finds that the defendant Cable One's motion for summary judgment is well taken and should be granted. A separate order in accordance with this opinion will issue this day.

This 17th day of September, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE